**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JOSEPH DAVID SANDERS                                                                                    PLAINTIFF

v.                                               4:20-cv-01096-SWW-JJV

DONALD TRUMP                                                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Joseph David Sanders ("Plaintiff") is confined in the Fulton Reception and Diagnostic Center in Fulton, Missouri. He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)

## II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff has filed a largely incomprehensible Complaint alleging, among other things, that:

> I told Chad Lee Mom Ex Husband I was going to join the Free Masons. He immediately did research and found a man being talked back to for having a felony record but lied on his petition all these mason were loud mouthing him. 2012 I went to get a petition then Jeanre Gordon show up. I've been charged 7 times with charges since then violet set up charges with no violence involved at all. The set

>me up with mason bible and influences of devise and prison charges felonies to
>keep me from gaining freemason excepted rights and paths.

(Doc No. 1 at 5.)   Some of Plaintiff's claims are made through sketches he made in his Complaint. (*See Id.*)

A complaint is factually frivolous if the "claims describe fantastic or delusional scenarios" or the "facts alleged rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Iqbal,* 556 U.S. at   (Souter, J., dissenting) (a court does not have to accept as true "allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel").   Plaintiff's bizarre allegations fall squarely under the definition frivolous.   Thus, he has failed to state a plausible claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. No. 1) be DISMISSED without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 6th day of October 2020.

                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE